ORIGINAL

RECEIVED

IN THE UNITED STATES DISTRICT COURT 2006 JUL -6 A 9: 28
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DAVID THOMPSON, ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CASE NO. 2:06cv601-MHT |
| ) | 28 USC §2255-02-CV-4193-JPG |
| WARDEN, F.P.C. MONTGOMERY- ) | 00-CR-40021, (7th Circuit) |
| ALABAMA, &-UNITED STATES - ) | |
| -AMERICA, ) | |
| Respondents. ) | |

## WRIT FOR HABEAS CORPUS, 28 U.S.C. §2241

   **COMES NOW PETITIONER**, DAVID THOMPSON, in the above styled -action,-a Writ for Habeas Corpus, **28 U.S.C. §2241**. Petitioner appears by and through himself, in Pro-Se, to petition this Honorable Court for relief of an illegal sentence, made illegal by enhancements not contained in the Indictment, and therfore illegal, as contrary to established Supreme Court precedents, and Fundamentally Unfair, as a matter of The United States' Constitution's guarantees to **Due Process of Law.**

   Petitioner is in the custody of The Bureau of Prisons at Federal Prison Camp, Maxwell Air Force Base, Montgomery, Alabama, currently serving a 151-Month sentence for participation in a crack and powder cocaine conspiracy.

(PAGE ONE)

## EXHAUSTION OF OTHER REMEDY

Jurisdiction under 28 U.S.C. §2241 is appropriate here, as petitioner has exhausted all other remedy for which to test the legality of his sentence. An appendix document chronicling previously filed pleadings to this cause has been attached, - **(SEE ATTACHED APPENDIX DOCUMENT). The appendix shows that starting with a 28 U.S.C.§2255** Motion filed in September 2002, and culminating with a Seventh Circuit, United States Court of Appelas order denying a certificate of appealability,-**February 22, 2005,** petitioner has sought to correct what he continues to insist is an illegal sentence, made illegal, inter alia, by a firearm enhancement used in relation to his drug offense. The ground(s) of this writ, while ommiting some of the previous issues, are now exclusively, the firearm issue, brought on grounds of fundamental unfairness.

> It is the function of writ of habeas corpus to question right of any agency of federal government to deprive person of his liberty at any stage when person was put under restraint by any authority,the legitamacy of which, or the edicts of which, he challenged".
> **Ex Parte Stewart,** (1942, DC Cal) 47 F. Supp 410

Therefore, this writ is now appropriate under **28 U.S.C. §2241.**

## GROUNDS

The instant petition is brought on strictly constitutional grounds, and challenges the right of the Warden of this Institution to deprive petitioner of liberty based upon the enforcement of an illegal sentence, in violation of the **Fifth Amendment** of the United States Constitution, as **Due Process -denied.**

(PAGE TWO)

## PRE-HISTORY

Petitioner is serving a 151 Month sentence for his part in a six-defendant conspiracy to violate 21 U.S.C. §§846, 802(6),812(c). Defendant/petitioner plead guilty to these charges to minimize his sentence. Petitioner waived his right in signing a plea agreement, to collaterally attack his sentence under §2255. However, as objected to in previous pleadings, defendant's defense counsel was ineffective in negotiating the waiver-of-collateral-attack rights clause.

## CLARIFICATION

To clarify the assertion of ineffective counsel, which was not appropriately defined in previous pleadings, <u>due to limited ability of Petitioner's Pro-se lay representation</u>, specifically as follows: 1. Petitioner did agree not to collaterally attack his sentence. 2. However, sans all other previous arguments, petitioner's sentence was **<u>additionally enhanced</u>** at sentencing, <u>after signing the plea-agreement</u>. Therefore, the additional and capricious enhancement at sentencing, was <u>NOT PREVIOUSLY EXPLAINED TO DEFENDANT/PETITIONER</u> prior to sentencing, nor could such agreement have been **knowingly and voluntarily made**, as the additional <u>enhancement-</u>(for a firearm in relation to the drug trafficking)-<u>was not discussed with defendant/petitioner prior to sentencing or signing the agreement</u>.

Therefore, on these premises,-this attack on the <u>portion of the sentence</u> enhanced pursuant to "firearm Possession" in relation to the drug offense, -is appropraitely brought in <u>good faith</u>, as the <u>illegal enhancement portion of the sentence was not a part of the waiver-agreement.</u>

**(PAGE THREE)**

## THE ISSUE

The sole issue of this Writ, asserted to be fundamentally unconstitutionally unfair, is that defendant/petitioner received a **Two-Point Enhancement** for "firearm Possession' in relation to his drug trafficking offense. The "firearm" was not part of the Indictment language. In fact, there was NO FIREARM CONFISCATED BY ANY AGENTS in this case. The "firearm" was, an imaginary machination devised by one of petitioner's co-defendants, in effort to please authorities. The co-defendant only said that petitioner possessed a "firearm", and this, when used by the Prosecutor at sentencing, became **"Hearsay"**.

Petitioner seeks REMOVAL OF THE TWO-POINT ENHANCEMENT, AND RE-SENTENCING , AS ADJUSTED MINUS THE ILLEGAL ENHANCEMENT, on the grounds of **DUE PROCESS DENIED.**

## ANALYSIS AND ARGUMENT

It is additionally stated that the United States Court of Appeals for the Seventh Circuit, erred, on this issue, which was included with other issues previously, by not granting a certificate of appealability-on his §2255 motion on this issue.

> "Defendant was entitled to certificate of appealability where defendant's plea that he was wrongfully convicted of using a firearm during drug trafficking offense implicated his **Due Process Rights"**
> **United States v. Golbert**, (1998, CA5 La) 137 F 3d 315, corrected (1998 (CA La) 139 F. 3d 436.

This is only mentioned to support petitioner's right to bring this **§2241** petition, by **Constitutional Standing.**

(PAGE **FOUR**)

## ANALYSIS AND ARGUMENT, CON'T.

Firstly, the Two-Point Firearm Enhancement was **not charged in the indictment.** <u>Apprendi v. New Jersey</u>, 530 U.S. 466, was good law on the day I was sentenced. The <u>Apprendi</u> ruling held-

> "The Due Process clause....'requires that <u>any fact that increases the statutory maximum</u> -other <u>that the fact of a prior conviction-must be submitted to a jury and proven beyond a reasonable doubt</u>".
> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 147 L. Ed. 2d-435, 120 S Ct 2348, (2000)

Also, this **"imaginary"-firearm**, was a machination divised by one of petitioner's co-defendants, in effort to "tell all" in exchange for a reduced sentence. The co-defendant did not testify to this fabrication in court or on any record. In his effort to please authorities, only <u>"said"</u> that petitoner possessed a firearm. Not only was such testimony uncorroborated by any other related facts, the insertion of the fabricated firearm at sentencing, was therefore-**"HEARSAY"**, and fundamentally unfair for the A.U.S.A. to have capriciously asserted the firearm issue at sentencing.

Further encompassing Due process issues, it has also been held concerning firearm issues "in relation to" drug offenses-

> "Jury instruction in trial for use of firearm during and in relation to drug offense which ommited requirement that a gun be used "in relation to" offense,<u>violated defendant's Due Process rights</u> since realation is essential element of crime.
> <u>United States v. Medosa</u>, (1993, CA9, wash) 11 F. 3d 126, 93 CDOS 8937, 93 Dailey Journal DAR 15233.

While petitioner did not go to trial, the above principal in <u>Mendosa</u> should apply in concert with the <u>Apprendi</u> ruling in the instant case. That is, an essential element of bringing any-

---"use of firearm" in relation to petitioner's drug offense is -"relation", and the **only relation** in this case is a - <u>hearsay fabrication</u>. Petitioner is **NOT A LAWYER**, but certainly common sense would dictate, that a co-defendant's claim that this defendant/petitioner had a gun on some occasion, is insufficient to attach a Two-Point Enhancement to his sentence, and clearly <u>DENIED DUE PROCESS</u>, as fundamentally unfair.

Petitioner insists that the facts above show him to be <u>ACTUALLY-INNOCENT OF FIREARM POSSESSION</u>. Possession of a firearm is **NOT SUPPORTED BY THE RECORD**. Petitioner asserts that-<u>No Reasonable Juror would have convicted this defendant,-if he had gone to trial-for any "firearm possession"</u>. That no reasonable juror would have convicted, is precisely the criteria that warrants relief here, as stated in <u>SCHLUP V. DELO</u>, 513 U.S. 298, 234, 327 -(1995).

Finally in additional support of relief of this cause, prior to <u>Apprendi</u>, even if petitioner has misinterpreted <u>Apprendi</u>, various U.S. Circuits have set precedents on the specific issue of <u>"Possession of a Firearm in relation to Drug offenses"</u>. In -<u>U.S. V. HUDSON</u>, 129 F. 3d 995, (8th Cir. 1997), Paula D. Hudson was charged with violation of 21 U.S.C. §§841(a)(1) and 846, conspiring to distribute methamphetamine. The <u>Hudson</u> court held on appeal that enhancement based on defendant's alledged possession of a firearm in connection with the drug offese <u>was not supported by the record.</u> Similarly held in <u>U.S. V. COOPER, 274, F. 3d 230.</u> (5th Cir),(2001)

(PAGE SIX)

Moreover, petitioner apparently received ineffective-assitance of counsel at his sentencing. The various circuit-holdings on the issue of firearm possession in relation to drug offenses being common within the purview of learned lawyers, and the particular facts of this defendant/petitioner's being enhancement on **"hearsay" only, the record will show that NO OBJECTION was made by defendant/petitioner's defense counsel concerning this vital issue,** an issue that substantially and illegally increased this sentence complained of here.

### CONCLUSION AND RELIEF

In conclusion, the United States violated this defendant/petitioner's right to DUE PROCESS OF LAW by representing **"hearsay"** of "firearm possession" in relation to his drug offense at sentencing. A "Firearm" that was never siezed, never existed or otherwise corroborated as fact. A firearm that was NOT INCLUDED IN THE INDICTMENT LANGUAGE.

NIETHER the United States nor the Warden of this Institution has right to enforce the current sentence, or such portion thereof that was imposed for "firearm possession" in violation of Petitioner's fundamental rights.

> In **U.S v. STUBBS**, 2002, U.S. Appx. Lexis-1715-(6th Cir.), The court held that : "a defenadnt may only be found guilty of a crime for which he was indicted".

**(PAGE SEVEN)**

CONCLUSION AND RELIEF

On the above premises considered, your petitioner claims entitlement to correction of his sentence. **The sentence was imposed** and being enforced in violation to the **Fifth-Amendment of the United States Constituion's provision prohibiting deprivation of liberty without <u>DUE PROCESS OF LAW</u>. Rule 35(a), Federal Rules of Criminal Procedure** provides that an-"illegal -sentence... be corrected at any time". Petitioner moves that this court order the illegal portion of his sentence be corrected by the above rule, and on the constitutional grounds that to continue holding petitioner to the current sentence, enhanced by a firearm that was non-existent, was and is, <u>fudamentally unfair.</u>

**RETURN**

That the warden of this institution and the United States make return to petitioner's claim of illegal sentence forthwith.

The above sworn under penalty for perjury, and **Title 28 U.S.C.§1746,**

On this 26th DAY OF JUNE, 2006,

By-
/s/ David Thompson
DAVID THOMPSON, Petitioner,**Pro-Se.**
#05002-025, MOBILE-A
F.P.C. MAXWELL Air Force Base
Montgomery, Alabama, 36112

**(PAGE EIGHT)**

## PROOF OF SERVICE

That I, David Thompson, petitioner in the foregoing Writ for habeas Corpus, **28 U.S.C. §2241,** do hereby swear and affirm that I have caused a true copy of same to be placed in the mail box of this Institution, United States Postage Paid, and addressed to the following parties:

**Warden**/or acting Warden,
**F.P.C. MAXWELL AIR FORCE BASE**
**MONTGOMERY, ALABAMA, 36112**

AMANDA A. ROBERTSON, A.U.S.A.
RONALD J. TENPAS, United States Attorney
402 West Main Street, SUITE 2A
BENTON, IL, 62812

**SO sworn by** Title 28, U.S.C. §1746,

AND DONE THIS 26th DAY OF JUNE, 2006,

By- *David Thompson*

DAVID THOMPSON, PETITIONER, PRO-Se.
#05002-025, MOBILE-A
F.P.C. MAXWELL Air Force Base
Montgomery, AL., 36112

**(PAGE NINE)**