IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-601-MHT |
| | ) |
| SCOTT MIDDLEBROOKS, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

David Thompson ["Thompson"], an inmate confined at the Maxwell Federal Prison Camp, initiated this case as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, Thompson challenges the 151-month sentence imposed upon him by the United States District Court for the Southern District of Illinois on a conviction for conspiracy to distribute crack cocaine. Thompson asserts "[t]he sole issue of this Writ ... is that [he] received a **Two-Point Enhancement for 'firearm Possession' in relation to his drug trafficking offense.**

The 'firearm' was not part of the Indictment language ... [and] was, an imaginary machination devised by one of petitioner's co-defendants" which hearsay the prosecutor utilized at sentencing for enhancement purposes. *Petition for Writ of Habeas Corpus* at 4 (emphasis in original).

Thompson argues that because the indictment failed to reference a firearm the

sentence enhancement is violative of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which "was good law on the day I was sentenced."[1] *Petition for Writ of Habeas Corpus* at 5. Despite Thompson's assertion that his challenge to the sentence enhancement is the "sole issue" presented in the instant habeas petition, Thompson also complains that counsel provided ineffective assistance during the negotiation of his plea agreement and at sentencing. *Id.* at 3 and 7. Thompson requests "that this court order the illegal portion of his sentence be corrected ..." *Id.* at 8.

## I. FACTS[2]

On 3 May 2000, a federal grand jury for the Southern District of Illinois issued a superseding indictment against Thompson and several co-defendants. The indictment charged Thompson with conspiracy and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) and 21 U.S.C. § 846. Thompson pled guilty on 27 September 2000, and the court sentenced him to 151 months in prison.

"Petitioner waived his right in signing a plea agreement, to collaterally attack his sentence under § 2255." *Petition for Writ of Habeas Corpus* at 3. Nevertheless, Thompson

---

[1]. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-2363.

[2]. The facts are gleaned from the petition for habeas corpus relief and the docket sheet maintained in *United States v. Thompson*, 4:00-CR-40021-JPG-4 (S.D. Ill.).

2

filed a § 2255 in the United States District Court for the Southern District of Illinois in September 2002 in which he challenged the two-point enhancement of his sentence for possession of a firearm in relation to the drug trafficking offense. *Id*. at 2. The collateral action "culminat[ed] with a Seventh Circuit, United States Court of Appeals order denying a certificate of appealability [on] February 22, 2005 ..." *Id*. Thompson argues that the Seventh Circuit "erred ... on this issue ... by not granting a certificate of appealability - **on his § 2255 motion** on this issue." *Id*. at 4 (emphasis in original).

## II. DISCUSSION

In the instant case, Thompson attacks the constitutionality of his 151-month. The law is well settled that 28 U.S.C. §2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." *Title 28 U.S.C. § 2255*.

A review of the petition clearly reveals that this action was filed pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[3]

---

[3] 3. "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

However, this court cannot tolerate Thompson's circumvention of the procedural gatekeeping provisions of the AEDPA.  Quite simply, § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because the applicable limitation period has expired or a subsequent motion under the section would be barred as successive.  Thus, under the circumstances here, Thompson cannot proceed on his claims in a § 2241 petition.

The habeas petition and supporting arguments demonstrate that Thompson's claims would be barred from review in a § 2255 motion before the United States District Court for the Southern District of Illinois by the AEDPA's gatekeeping provisions prohibiting untimely and successive petitions.  The inadequate and ineffective "savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first   § 2255 motion."  *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims.  *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are

---

application." 28 U.S.C. § 2244(b)(3)(A).

those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Thompson does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255 thereby precluding relief in a § 2241 proceeding. Specifically, the holding of *Apprendi* is not retroactively applicable to cases on collateral review. *McCoy v. United States,* 266 F.3d 1245, 1256-1258 (11th Cir.2001).[4] Thus, Thompson's claims are not premised upon a Supreme Court decision issued after his conviction which was made retroactively applicable to such conviction.

Moreover, Thompson has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Consequently, Thompson's challenges to his sentence are not based upon a retroactively applicable Supreme Court decision.

Finally, pertinent federal law did not foreclose Thompson from presenting the claims now before this court at the time such claims otherwise should have been raised. Specifically, the pleadings filed herein establish that Thompson had the requisite procedural opportunity to raise the instant habeas claims challenging the constitutionality

---

[4] 4. The Southern District of Illinois sentenced Thompson to 151 months' imprisonment for his conviction of conspiracy to distribute crack cocaine. The statutory maximum sentence under 21 U.S.C.§ 841 for offenses which involve any amount of crack or cocaine is 240 months. The sentence imposed upon Thompson therefore fell well below the permitted statutory maximum. Thus, *Apprendi* provides no basis on which Thompson may challenge his sentence. *See United States v. Gerrow,* 232 F.3d 831, 834 (11th Cir. 2000).

of his sentence and to have such claims decided either at sentencing or on direct appeal. Thompson also had the opportunity to present claims of ineffective assistance of counsel in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. Therefore, the claims pending before this court do not warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*.

> If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts --through statutes like the AEDPA-- to place limits on federal collateral review.

*Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255.

Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted)

("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . "). In light of the foregoing, the court concludes that Thompson's claims challenging the constitutionality of his sentence are not cognizable in a 28 U.S.C. § 2241 petition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by David Thompson be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before **4 August 2006** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

     Done this 21st day of July, 2006.

                              /s/ Vanzetta Penn McPherson
                              UNITED STATES MAGISTRATE JUDGE