IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID THOMPSON, ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. 2:06-CV-601- |
| ) | -MHT. |
| SCOTT MIDDLEBROOKS, et. al, ) | |
| Respondents. ) | |

## OBJECTION TO MAGISTRATE'S RECOMMENDATION

**COMES NOW PETITIONER**, DAVID THOMPSON, by and through himself, in **Pro-Se**, and files Objections to the Magistrate's proposed findings and advisements in the Recommendation, and specifically as follows:

### APPRENDI ISSUE

Seeking relief from an illegal portion of his sentence, i.e, a **Two-Point** enhancement for a "firearm" possession, that was niether (1.) EVER EXISTENT, A FIREARM HAVING NEVER EVEN BEEN CONFISCATED, and (2)- THE "FIREARM" WAS NOT PART OF THE INDICTMENT LANGUAGE", Petitioner has brought this issue to this court insisting that **(1.)** Apprendi v. New Jersey, 530 U.S 466, 147 L Ed. 2d 435, 120 S Ct. 2348 ,(2000), was good law on the day of sentencing; and **(2.)** That an enhancement for a "firearm" that was niether ever confiscated nor existed, was therefore, **"Hearsay"** when repeated by the Prosecutor to influence the court to enhancement of the sentencing,(3.) Never charged in the Indictment, and (4)- the sentencing based on above, was UNCONSTITUTIONAL, as Fundamen--ally, unfair.

(PAGE ONE)

## I. OBJECTION.

The Magistrate has argued that petitioner is submitting the instant petition as a way to circumvent the "gatekeeping" provisions of the **AEDPA.** Petitioner did file a **previous §2255** Motion, including, inter alia, the "firearm" issue. However, this petition is submitted on entirely different grounds,-i.e., that petitioner is, <u>Actually Innocent of firearm possession</u>, and that "<u>No reasonable juror,</u>would have convicted defendant/petitioner, <u>IF</u> the "Firearm" issue, being NON-EXISTENT, had gone to trial.

This is <u>Precisely the criteria of actual innocence</u>, stated in <u>SCHLUP V. DELO</u>, (1995),513 US 298, 130 L Ed 808, 115 S Ct 851.

**Petitioner IS NOT A LAWYER.** He left that to a defense attorney at the time, who <u>reasonably should have known to Object</u> to the fictitious inclusion of a Non-Existent "Firearm". However, the defense lawyer failed, and certainly this was-<u>Ineffective Assistance of Counsel</u>".

The Magistrate has recommended dismissal of petitioner's claim **here, apparently because of the AEDPA window.** In citing the criteria of <u>Wofford v. Scott</u>, 177 F. 3d 1236, 1244 (11th Cir. 1999), -the inadequate and ineffective savings clause of **§2255** applies to a claim when-**(2)**▪ <u>the holding of that Supreme Court decision establishes the petitioner was convicted for a NON EXISTENT OFFENSE</u>" Id, Page 4, at 12-13, Magistrate's Recommedation

Certainly, in this case, the **"firearm"** was in fact, "NON-EXISTENT" and should toll the AEDPA's prohibition of sucessive petitions, by the criteria stated in the magistrate's cite here.

**(PAGE TWO)**

### IN SUMMARY

**The inclusion** of the hearsay of a Non-existent firearm by the A.U.S.A. at sentencing, was <u>plain wrong</u>, a capricious and arbitrary act denying fundamental fairness to petitioner, suffering the actual prejudice of an <u>illegal sentence</u> portion, of which he would not, except for this Non-Existent hearsay injection, have otherwise suffered, or have had to bring this to this court as grievance at this juncture. The **§2241** has been appropriately brought under the circumstances, the firearm enhancement <u>clearly a plain error</u>.

### IN CONCLUSION

In conclusion, your petitioner prays for Justice, and correction of his illegal sentence portion concerning the Non-Existent **Firearm, and pursuant to RULE 35(a),** that "an illegal sentence may be corrected at any time".

                    RESPECTFULLY SUBMITTED,

                    THIS 2 DAY OF AUGUST, 2006,

              BY- /s/ David Thompson
                    DAVID THOMPSON, Petitioner,
                                    -Pro-Se
                    #05002-025, MOBILE-A
                    F.P.C. MONTGOMERY, AL., 36112

**(PAGE THREE)**

## PROOF OF SERVICE

**I hereby cerify**, that I have caused a true copy of the foregoing -"OBBJECTION TO MAGISTRATE'S RECOMMENDATION" to be sent via U.S. MAIL, Postpaid, and adressed to the following:

>Thomas A. Leggans,
>Assistant U.S. Attorney
>BENTON, 4,
>402 W. MAIN ST..
>BENTON, ILL., 62812

Sworn under penalty for perjury, Title 28, §1746

DONE, THIS 2 DAY OF AUGUST, 2006

By- *David Thompson*
DAVID THOMPSON, PRO-SE
#05002-025, MOBILE-A
F.P.C. MONTGOMERY, AL., 36112

(PAGE FOUR)